Gustafson, Judge: The Internal Revenue Service (ms) determined a deficiency of $1,510 in the 2007 Federal income tax of petitioners Billy Edward Armstrong and Phoebe J. Armstrong and an accuracy-related penalty of $302 pursuant to section 6662.[1] The Armstrongs petitioned this Court, pursuant to section 6213(a), to redetermine the deficiency and the accompanying penalty. The case is now before the Court on the Commissioner’s unopposed motion to submit the case without trial on the basis of the parties’ stipulation of facts, pursuant to Rule 122. The issues for decision are whether the Armstrongs are entitled to a dependency exemption deduction and a child tax credit for Mr. Armstrong’s son for the tax year 2007, and, if not, whether the Armstrongs are liable for an accuracy-related penalty on the resulting deficiency. We conclude that the Armstrongs are not entitled to the deduction and the credit, but that they are not liable for the penalty. FINDINGS OF FACT Mr. Armstrong is a truck driver. He and his former wife Dawn Delaney divorced, and in 2003 the couple agreed to resolve by arbitration unspecified questions regarding the support of their two children. The children stayed in Ms. Delaney’s custody, but the arbitration resulted in a May 2003 “Arbitration Award” that granted to Ms. Delaney the tax exemption for “C.W.” and to Mr. Armstrong the tax exemption for “C.E.”[2] Under the arbitration award, Mr. Armstrong would get the dependency exemption for C.E. outright for tax years 2003 and 2004, but he would get it for later years, including 2007, only if he stayed current with child support. The arbitration award did not include a provision requiring Ms. Delaney to provide Mr. Armstrong with a Form 8332, “Release of Claim to Exemption for Child of Divorced or Separated Parents.” (As we will explain below, Form 8332 is the document by which a parent who does not have custody of a child may nonetheless become entitled to claim a dependency exemption deduction for the child.) In June 2003 the Washington State court overseeing the divorce entered an “Agreed Order of Child Support on Arbitration” that incorporated this arbitration award and likewise did not require Ms. Delaney to give Mr. Armstrong a Form 8332. In March 2007, for reasons not in the record, the Washington State court changed the June 2003 order. The March 2007 order contained the following provision: 3.17 INCOME TAX EXEMPTIONS. Tax exemptions for the children shall be allocated as follows: The Mother shall have the exemption for C[.W. and] the father shall have the exemption for * * * [C.E.], as long as the father is current with his child support obligation for the tax year involved. In reviewing whether or not the father is current, he must have made all twelve of the tax year’s child support payments by December 31st of that tax year. If payments are current, the mother shall provide the father for each entitled year with an executed IRS Form 8332 (Release of Claim to Exemption for Child of Divorced or Separated Parents) or its equivalent not later than January 31st of the year immediately following the year for which the tax exemption is to be claimed. The purpose of this provision is to ensure prompt and regular payment of the child support obligation; therefore, exemptions lost by failure to be current on child support payments cannot later be claimed or asserted by subsequent payment of back payments or arrears, nor claimed as a set-off for unpaid support. The parents shall sign the federal income tax dependency exemption waiver. [Emphasis altered.] Ms. Delaney signed the March 2007 order. By 2007 Mr. Armstrong had remarried. He had consistently made his child support payments required under the State court’s orders. But Ms. Delaney nonetheless failed to give him an executed Form 8332 for 2007. Lacking that form, the Armstrongs attached a copy of the 2003 arbitration award to their timely filed joint 2007 Federal income tax return. The IRS examined that 2007 return. During the course of the audit, the Armstrongs sent to the IRS copies of the 2003 and 2007 child support orders, the latter of which had been signed by Ms. Delaney. The Commissioner nonetheless rejected the Armstrongs’ claim for a dependency exemption deduction and a child tax credit for C.E., because the award and orders were “condition[al]” upon Mr. Armstrong’s staying current with his support obligations. The IRS also determined an accuracy-related penalty. The Armstrongs timely petitioned this Court, and at that time they resided in South Dakota. The parties stipulated the facts and submitted the case for decision without trial. OPINION I. Dependency exemption deduction claims under section 152 An individual is allowed a deduction for exemption for “each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year.” Sec. 151(c). Section 152(a) defines the term “dependent” to include “a qualifying child”. Generally, a “qualifying child” must: (i) bear a specified relationship to the taxpayer (e.g., be a child of the taxpayer), (ii) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (iii) meet certain age requirements, and (iv) not have provided over one-half of such individual’s support for the taxable year at issue. Sec. 152(c)(1). Under those provisions, Mr. Armstrong could not claim C.E. as a dependent for 2007 because they did not have the same place of abode for more than one-half of the year. However, in the case of divorced parents, special rules determine which parent may claim a dependency exemption deduction for a child. See sec. 152(e); Espinoza v. Commissioner, T.C. Memo. 2011-108; cf. sec. 152(c)(4). Pursuant to section 152(e), when certain criteria are met, a child like C.E. may be treated as a qualifying child of the noncustodial parent (here, Mr. Armstrong) rather than of the custodial parent (Ms. Delaney).[3] Sec. 152(e)(1); 26 C.F.R. sec. 1.152-4T(a), Q&A-2, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). C.E. could be the qualifying child of Mr. Armstrong, under section 152(e)(1) and (2), if— • The “child receives over one-half of the child’s support during the calendar year from the child’s parents * * * who are divorced * * * under a decree of divorce”, sec. 152(e)(1)(A); • such child was “in the custody of 1 or both of the child’s parents for more than one-half of the calendar year”, sec. 152(e)(1)(B); • “the custodial parent signs a written declaration (in such a manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year”, sec. 152(e)(2)(A); and • “the noncustodial parent attaches such written declaration to the noncustodial parent’s return” for the appropriate taxable year, sec. 152(e)(2)(B). This case turns on whether Mr. Armstrong is able to show compliance with the third of these criteria[4] — i.e., whether Ms. Delaney ever signed a declaration that she “will not claim such child as a dependent”. The IRS’s Form 8332 provides an effective and uniform way for a custodial parent to make the declaration required in section 152(e)(2)(A) for the benefit of the noncustodial parent. But a noncustodial parent like Mr. Armstrong may also rely on an alternative document, provided that it “conform[s] to the substance” of Form 8332.[5] See 26 C.F.R. sec. 1.152— 4T(a), Q&A-3, Temporary Income Tax Regs., supra. In particular, for tax years including the year at issue here, a court order that has been signed by the custodial parent may satisfy section 152(e)(2)(A) as the noncustodial parent’s declaration if the document “conformfs] to the substance” of Form 8332.[6] See Briscoe v. Commissioner, T.C. Memo. 2011—165 (concluding that the court order attached with the return did not conform with the substance of Form 8332); cf. Boltinghouse v. Commissioner, T.C. Memo. 2003-134 (holding a separation agreement conformed with the substance of Form 8332). A basic element necessary for satisfying section 152(e)(2)(A) is a custodial parent’s declaration that she “will not claim” the child as a dependent for a taxable year. A custodial parent accomplishes this on a Form 8332 with the following statement: “I agree not to claim * * * for the tax year”. This statement is unconditional; and in order for a document to comply with the substance of Form 8332 and ultimately section 152(e)(2)(A), the declaration on the document must also be unconditional. See Gessic v. Commissioner, T.C. Memo. 2010-88; Thomas v. Commissioner, T.C. Memo. 2010-11; Boltinghouse v. Commissioner, T.C. Memo. 2003-134; Horn v. Commissioner, T.C. Memo. 2002—290. II. The insufficiency of a custodial parent’s conditional release We assume here that Ms. Delaney’s signature on the March 2007 order constitutes, in effect, her declaration that she would comply with the order. Therefore, the critical question is whether, by declaring that she would comply with the March 2007 order, Ms. Delaney thereby declared that she “will not claim” C.E. as a dependent in 2007. That March 2007 order did not provide unconditionally that Ms. Delaney would not claim a dependency exemption deduction for C.E. or that she must sign Form 8332. Rather, the order unambiguously stated that her obligation to sign the release — and Mr. Armstrong’s right to the exemption— was conditional upon Mr. Armstrong’s payment of child support. [7] This child support requirement appears nowhere in section 152(e),[8] of course; but the State court order affirmed this obligation in four ways, by providing— • that Mr. Armstrong would obtain the exemption (and that Ms. Delaney would release it) only “as long as the father is current with his child support obligation”; • that entitlement to the exemption would require first a determination of “whether or not the father is current”; • that Ms. Delaney would release her claim only “If payments are current”; and • that an exemption might be “lost by failure to be current”. (Emphasis added.) That is, Mr. Armstrong would not obtain the exemption — and Ms. Delaney was not obligated to release it — if Mr. Armstrong was not “current with his child support obligation”; in that case, the exemption was “lost” to Mr. Armstrong, notwithstanding the other terms of the order. By signing the order, Ms. Delaney effectively declared circumstances under which she would not release her claim but would instead report herself to be entitled to the dependency exemption for C.E. Therefore, in signing and assenting to the order, Ms. Delaney did not declare that she “will not claim such child as a dependent”. Instead, she thereby declared that she will not claim C.E. as a dependent if Mr. Armstrong keeps current with support payments; but she also thereby unambiguously declared that if he does not keep current, then she will claim the child as a dependent. This makes her declaration quite different from a declaration that she “will not claim such child as a dependent” for the year at issue. Sec. 152(e)(2)(A). And to that extent, her conditional declaration is at odds with the statute, since “only a release that is unconditional conforms to the substance of Form 8332”. Thomas v. Commissioner, T.C. Memo. 2010—11, slip op. at 9. Of course, Mr. Armstrong can point to the stipulated fact that, although the State court order was conditional, he fulfilled the condition: He did keep current with his support obligations, so that under the terms of the order, he was entitled to the exemption deduction and Ms. Delaney was obliged to execute the release. The question here, however, is not what he was entitled to under the State court order but what he is entitled to under section 152(e). See Miller v. Commissioner, 114 T.C. 184, 196 (2000) (“Although the Permanent Orders granted * * * [the noncustodial parent] the right to claim the dependency exemptions for his children, a State court cannot determine issues of Federal tax law”), aff’d on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). The drafters of section 152(e) removed from the equation the issue of proving support by the noncustodial parent. The statute requires a declaration that the custodial parent “will not claim” the child, sec. 152(e)(2)(A) (emphasis added); and where (as here) the noncustodial parent uses a substitute for Form 8332 from which the statutorily mandated declaration is missing, and the custodial parent declares instead that she may or may not claim the child, that defect is not cured by the noncustodial parent’s proof that he has fulfilled support conditions beyond those in the statute, see Brissett v. Commissioner, T.C. Memo. 2003-310 (compliance with terms of separation agreement not sufficient to authorize dependency exemption deduction without attaching valid Form 8332 or equivalent). The record in this case illustrates the commonplace that custody and support orders are amended from time to time, and we have observed that “the Internal Revenue Service cannot be expected to police divorce decrees and separation agreements or determine taxpayer compliance therewith.” See Gessic v. Commissioner, T.C. Memo. 2010-88, slip op. at 8. Moreover, support obligations will sometimes consist of more than stated amounts of monthly payments; a support obligation may, for example, include health insurance coverage, the varying cost of which will in turn affect the amount of the cash payment otherwise due from the noncustodial parent. The question whether the noncustodial parent has fulfilled his obligations, though apparently easy in this instance, may be difficult and controversial in others. If that question had to be answered before one could determine the proper claimant of the dependency exemption deduction, then section 152(e) would fail of its purpose. As we explained in Miller v. Commissioner, 114 T.C. at 195-196, Congress added the written declaration requirement to section 152(e) in 1984 to provide more certainty to the “often subjective and * * * difficult problems of proof and substantiation” that accompanied dependency exemption deduction disputes under the prior statutory scheme. H.R. Rept. No. 98-432 (Part 2), at 1498 (1984), 1984 U.S.C.C.A.N. 697, 1140.[9] Any rule by which Mr. Armstrong could prevail here would require us to revert to resolving those “difficult problems of proof and substantiation” that we were supposed to leave behind with the prior scheme. We therefore hold that under section 152, C.E. is not a qualifying child of Mr. Armstrong for tax year 2007; and as a result, Mr. Armstrong is not entitled to the dependency exemption deduction for C.E. for 2007. Mr. Armstrong’s case is quite sympathetic: He was up to date on his child support; and under the State court order, Ms. Delaney was obliged to sign Form 8332 and release the exemption deduction to him. We are obligated, however, to follow the statute as written, whether the resulting disadvantage is (as here) suffered by a noncustodial parent who bore the burden of child support but did not receive an executed Form 8332, or whether the disadvantage is suffered by a custodial parent who executed a Form 8332 but then bore an undue and unintended burden of child support. III. Child tax credit A taxpayer is entitled to a child tax credit for “each qualifying child”, as defined in section 152, who has not reached the age of 17. Sec. 24(a), (c)(1). Given our determination that, under section 152, C.E. is not a “qualifying child” of Mr. Armstrong for the year at issue, it follows that Mr. Armstrong is not entitled to a child tax credit for C.E. for that year. IV. Accuracy-related penalty A. General principles Section 6662(a) and (b)(1) and (2) imposes an “accuracy-related penalty” of 20% of the portion of the underpayment of tax that is attributable to the taxpayer’s negligence or disregard of rules or regulations or that is attributable to any substantial understatement of income tax. By definition, an understatement of income tax for an individual is substantial if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A). Since the deficiency here is only $1,510, there was no “substantial understatement”, and the Armstrongs are liable for the penalty only if claiming the dependency exemption deduction for C.E. amounted to negligence. Under section 7491(c), the Commissioner bears the burden of production and must produce sufficient evidence that the imposition of the penalty is appropriate in a given case. Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner’s determination is incorrect. Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). For purposes of section 6662, the term “negligence” includes a failure to exercise ordinary and reasonable care in the preparation of a tax return. 26 C.F.R. sec. 1.6662-3(b)(l), Income Tax Regs. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934 (1985). The term “disregard” includes any careless, reckless, or intentional disregard of the rules or regulations. Sec. 6662(c). A taxpayer who is otherwise liable for the accuracy-related penalty may avoid the liability if he successfully invokes one of two defenses pertinent here:[10] First, section 6662(d)(2)(B) provides that an understatement attributable to an item may be reduced where the relevant facts affecting the item’s treatment were adequately disclosed on his tax return and the taxpayer had a reasonable basis for his treatment of that item. Second, section 6664(c)(1) provides that, if the taxpayer shows, first, that there was reasonable cause for a portion of an underpayment and, second, that he acted in good faith with respect to such portion, then no accuracy-related penalty shall be imposed with respect to that portion. B. Application to this case Having kept up to date on his child support, Mr. Armstrong knew that, under the State court order, he was entitled to receive Ms. Delaney’s release of the exemption for C.E. and to claim the dependency exemption deduction for himself. And he was indeed so entitled, under that order. He had in his possession a copy of one version of the court order to that effect that bore Ms. Delaney’s signature. Court orders can sometimes suffice as an equivalent to Form 8332; and since he lacked the Form 8332 to which he was entitled, Mr. Armstrong attached, to his tax return, a copy of a prior iteration of that order — i.e., the arbitration award. The arbitration award, like the later court order, explicitly disclosed the conditionality of Ms. Delaney’s obligation to give him the release (and the absence of her signature on that version of the document was evident). On these facts, we do not think that the Commissioner has borne his burden to show negligence. We do not believe that Mr. Armstrong, a truck driver, was sufficiently experienced in tax accounting and law such that he would realize that entitlement under the State court order to Ms. Delaney’s release did not necessarily mean entitlement under section 152(e) to the dependency exemption deduction, a distinction that might not occur to many taxpayers. Moreover, if the Armstrongs’ reporting position had amounted to negligence, we think either or both of the defenses described above would excuse them from penalty, on the facts of this case: First, regarding section 6662(d)(2)(B), the facts underlying the Government’s position were certainly disclosed on the tax return by the attachment of the arbitration award. And although Ms. Delaney’s release did not satisfy section 152(e), it was not unreasonable for Mr. Armstrong to believe that it did. Second, regarding section 6664(c)(1), whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including his efforts to assess his proper tax liability and his knowledge and experience. 26 C.F.R. sec. 1.6664-4(b)(l), Income Tax Regs. The State court order and his compliance with it constituted reasonable cause to someone in his circumstance, and nothing in the record of this case suggests anything other than that he acted in good faith. Therefore, although we hold in favor of the Commissioner with regard to the tax deficiency, we hold in favor of the Armstrongs with regard to the penalty. Decision will be entered for respondent with regard to the deficiency and for petitioners with regard to the accuracy-related penalty. Reviewed by the Court. Thornton, Colvin, Foley, Gale, Marvel, Goeke, Wherry, Kroupa, Paris, Morrison, and Kerrigan, JJ., agree with this opinion of the Court. Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code of 1986 (26 U.S.C.) in effect for the tax year at issue, and all citations of Rules refer to the Tax Court Rules of Practice and Procedure. Pursuant to Rule 27(a)(3) we refer to minor children by their initials. For these purposes, Ms. Delaney was C.E.’s custodial parent and Mr. Armstrong was C.E.’s noncustodial parent, because the State court orders gave Ms. Delaney sole custody of C.E. See sec. 152(e)(4); 26 C.F.R. sec. 1.152 — 4(b), Income Tax Regs. The Commissioner also argues that the Armstrongs are unable to show compliance with the fourth criterion — i.e., “attach[ing] such written declaration to the noncustodial parent’s return” — since the Armstrongs attached to their tax return only the May 2003 arbitration award, and not the March 2007 court order that Ms. Delaney actually signed. Since we are able to resolve the case on the basis of the third criterion, we need not and do not reach this fourth criterion. Form 8332 requires a taxpayer to furnish: the name of the child; the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; the Social Security number of the custodial parent; the signature of the custodial parent; the date of the custodial parent’s signature; and the year(s) for which the claims were released. For taxable years starting after July 2, 2008, a court order signed by the custodial parent will not satisfy 26 C.F.R. section 1.152-4(e)(l)(ii), Income Tax Regs., as amended by T.D. 9408, 2008-2 C.B. 323, 327 (“A written declaration not on the form designated by the IRS must conform to the substance of that form and must be a document executed for the sole purpose of serving as a written declaration under this section. A court order or decree or a separation agreement may not serve as a written declaration”). Because the year at issue is 2007, this case is not governed by current 26 C.F.R. section 1.152-4(e)(l)(i), Income Tax Regs., as amended by T.D. 9408, 2008-2 C.B. at 327, effective for tax years starting after July 2, 2008. That regulation states that “The written declaration * * * must be an unconditional release of the custodial parent’s claim to the child as a dependent for the year or years for which the declaration is effective. A declaration is not unconditional if the custodial parent’s release of the right to claim the child as a dependent requires the satisfaction of any condition, including the noncustodial parent’s meeting of an obligation such as the payment of support.” The statute itself does provide a “support” criterion that must be satisfied before a noncustodial parent may claim the dependency exemption deduction: The first of the four criteria listed above is that the child must receive over one-half of his support from his “parents” (without any distinction between the custodial parent and the noncustodial parent). See sec. 152(e)(1)(A). The statute does not condition a noncustodial parent’s entitlement to the exemption on his fulfillment of child support obligations. Rather, under the statute the noncustodial parent may obtain the dependency exemption deduction as long as the parents together support the child, the child was in the custody of one or both of them for the year, the custodial parent executes a proper declaration, and the noncustodial parent attaches that declaration to his return. The House report stated: The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. * * '|: The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service. [H.R. Rept. No. 98-432 (Part 2), at 1498-1499 (1984), 1984 U.S.C.C.A.N. 697, 1140.] Another potential defense does not appear to be implicated here: Section 6662(d)(2)(B) provides that an understatement may be reduced where the taxpayer had substantial authority for his treatment of any item giving rise to the understatement. There is no authority that can be cited in support of the Armstrongs’ claim founded on Ms. Delaney’s conditional release.