140 T.C. No. 10

UNITED STATES TAX COURT

MICHAEL KEITH SHENK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5706-12.                    Filed May 6, 2013.

P was divorced from his wife, and their 2003 "Judgment of
Absolute Divorce" provided that his ex-wife would have primary
residential custody of their three minor children. The judgment
provided that the dependency exemption deductions for the three
children would be divided between the two ex-spouses according to
various conditions but did not provide that the ex-wife must execute
in P's favor a Form 8332, "Release of Claim to Exemption for Child
of Divorced or Separated Parents". The children resided with P's ex-
wife for more than half of 2009, and P's ex-wife did not execute in
P's favor any Form 8332 or equivalent document for any year.

For 2009 P timely filed a Federal income tax return on which
he claimed dependency exemption deductions and the child tax credit
for two of the children, consistent with his understanding of the terms
of the judgment, but he did not attach any Form 8332 to his return.
He also claimed head-of-household filing status. His ex-wife, the
custodial parent, timely filed a Federal income tax return for 2009 on

which she also claimed two dependency exemption deductions, so that one child was claimed on both parents' returns. R allowed to P the dependency exemption deduction for one of the children but disallowed his claim for the dependency exemption deduction for the child who had also been claimed by the custodial parent. At trial P contended he is entitled to a dependency exemption deduction for all three children.

Held: Since the custodial parent did not execute, and P could not and did not attach to his return, any Form 8332 or equivalent release, P is not entitled under I.R.C. sec. 152(e)(2)(A) to claim the dependency exemption deduction or the child tax credit.

Held, further: Where both the custodial parent and the noncustodial parent have claimed for the same year a dependency exemption deduction for the same child, a declaration signed by the custodial parent after the period of limitations for assessments has expired as to the custodial parent could not qualify under I.R.C. sec. 152(e)(2)(A), and therefore there is no reason to grant P's request to leave the record open so that he may obtain and proffer such a declaration.

Held, further: P is not entitled to head-of-household filing status under I.R.C. sec. 2(b)(1) nor to the child tax credit under I.R.C. sec. 24.

Michael Keith Shenk, for himself.

Shari Salu, for respondent.

GUSTAFSON, Judge: The Internal Revenue Service (IRS) determined a deficiency of $3,136 in the 2009 Federal income tax of petitioner Michael Keith

Shenk. Mr. Shenk petitioned this Court, pursuant to section 6213(a),[1] for redetermination of the deficiency. After Mr. Shenk's concession that he received but did not report $254 in dividend income, the issue for decision is whether Mr. Shenk is entitled to a dependency exemption deduction for one of his children under section 151(c), a child tax credit for that child under section 24(a), and head-of-household filing status under section 2(b)(1). On these issues, we hold for the IRS.

## FINDINGS OF FACT

### The judgment of divorce

Mr. Shenk was married to Julie Phillips, and they have three minor children--M.S., W.S., and L.S. They divorced in 2003. The family court's "Judgment of Absolute Divorce" provided: that Ms. Phillips was "awarded primary residential custody" of the parties' three children; and that Mr. Shenk would be liable for child support payments; but that, as to dependency exemptions--

> [I]n 2003, and in odd numbered years thereafter, provided that she is employed and earning income, defendant [Ms. Phillips] shall be entitled to claim the parties' two younger children, W[] and L[], as dependency

_____

[1]Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code (26 U.S.C.) in effect for the tax year at issue, and all citations of Rules refer to the Tax Court Rules of Practice and Procedure.

exemptions on her income tax returns; and, <u>assuming he is current with his child support payments</u> as of the end of the year, plaintiff [Mr. Shenk] shall be entitled in 2003, and in odd numbered years thereafter, to claim the parties' oldest son, M[], as a dependency exemption on his income tax returns. In even numbered years, the parties' entitlement to the foregoing dependency exemptions shall be reversed, with plaintiff having two exemptions and defendant having one, again assuming that defendant is employed and earning income and plaintiff is current with his child support payments at the end of the year in question * * *. [Emphasis added.]

The IRS admits that this paragraph makes Ms. Phillips's entitlement to the dependency exemptions to be contingent on her being employed. Mr. Shenk further contends, and we assume, that this paragraph is properly interpreted to allow a parent who does meet his or her condition (i.e., employment in the case of Ms. Phillips, and child support in the case of Mr. Shenk) to claim the dependency exemptions that would otherwise be allowed to a parent who fails to meet his or her condition.

The judgment states no requirement that Ms. Phillips facilitate Mr. Shenk's claim of dependency exemptions by executing a release (such as on Form 8332, "Release of Claim to Exemption for Child of Divorced or Separated Parents"). The judgment was not formatted in such a way as to require or permit the parties to sign it, and neither Ms. Phillips nor Mr. Shenk signed the judgment.

2009 tax returns

In 2009 all three children resided with Ms. Phillips more than 50% of the time. As of the end of 2009 Mr. Shenk was up to date on his child support payments. Mr. Shenk contends, and we assume, that Ms. Phillips was not employed in 2009.

Nonetheless, on a joint return filed with her then-current husband on April 15, 2010, Ms. Phillips reported income. (The return is not in our record, but we assume she reported non-employment income.) Because 2009 was an odd-numbered year, she also claimed two dependency exemption deductions for W.S. and L.S.

However, consistent with his understanding of the meaning of the judgment of divorce, Mr. Shenk did not limit himself to claiming a dependency exemption deduction for M.S. Instead, on his return for 2009 Mr. Shenk claimed two such deductions--for M.S. and L.S.--because he believed Ms. Phillips had not been employed in 2009 and therefore did not meet the conditions for claiming dependency exemptions. (He argued at trial that his claim of only two exemptions was a mistake and that he should instead have claimed all three.) He also claimed the corresponding child tax credit, and he claimed head-of-household filing status.

Disallowance by the IRS

Because L.S. was thus claimed as a dependent on two returns, the IRS became aware of the dueling claims. The IRS allowed Ms. Phillips's return to stand, leaving her with two dependency exemption deductions; and it disallowed one of the dependency exemption deductions claimed on Mr. Shenk's return. On January 18, 2012, the IRS issued to Mr. Shenk a notice of deficiency for 2009, determining additional tax attributable to denying that second dependency exemption deduction, the child tax credit, and head-of-household filing status.

Court proceedings

On March 2, 2012, Mr. Shenk timely filed his petition in this Court. At the time he filed his petition, Mr. Shenk resided in Maryland. A year later, when this case was called from the calendar for trial on March 4, 2013, Mr. Shenk asked for a continuance so that he could request the family court to revise its judgment of divorce to require Ms. Phillips to execute Form 8332 in his favor, and so that he could then perfect his claim for the dependency exemption deductions by proffering that Form 8332. Respondent's counsel stated that a Form 8332 may be effectively submitted even after the return has been filed, but argued that it must be submitted in time to allow the IRS to disallow a dependency exemption deduction that was redundantly claimed by the custodial parent who executes

Form 8332. Because the three-year period of limitations to assess any tax against Ms. Phillips on her 2009 return, see sec. 6501(a), presumably would expire April 15, 2013--i.e., six weeks after this case was called for trial--respondent's counsel contended that, even if Mr. Shenk were successful in his attempt at obtaining a release, the IRS would be prejudiced by any delay and would be unable to assess any tax against Ms. Phillips.

Because Mr. Shenk made no accounting for his having waited a year to try to obtain Form 8332, the Court denied Mr. Shenk's motion for a continuance, stating that the parties should "go ahead and have today the trial that you are ready to have now, to put on the evidence you have to put on now," and that the Court would then "entertain at the end of it whatever motion you want to make about keeping the record open." Mr. Shenk put on his case and contended he is entitled to a dependency exemption deduction for all three children. At the end of trial, he again moved that the record be left open so that he could obtain and offer a Form 8332 signed by his ex-wife for 2009. We denied the motion without prejudice and stated that we would delay issuing any opinion in the case until after April 15, 2013, in order to give Mr. Shenk the opportunity to obtain the Form 8332, if he could, and to move to reopen the record of this case by that date. He did not do so.

## OPINION

I.   The dependency exemption deduction

A.   The provisions of section 152

An individual is allowed a deduction for an exemption for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(c). Section 152(a) defines the term "dependent" to include "a qualifying child". Generally, a "qualifying child" must: (i) bear a specified relationship to the taxpayer (e.g., be a child of the taxpayer), (ii) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (iii) meet certain age requirements, (iv) not have provided over one-half of such individual's support for the taxable year at issue; and (v) not have filed a joint return for that year. Sec. 152(c)(1). Under those provisions, Mr. Shenk could not claim his children as dependents for 2009 because, as he admits, they did not share the same place of abode with him for more than one-half of the year.

However, in the case of divorced parents, special rules determine which parent may claim a dependency exemption deduction for a child. See sec. 152(e); Espinoza v. Commissioner, T.C. Memo. 2011-108; cf. sec. 152(c)(4). Pursuant to section 152(e), when certain criteria are met, a child may be treated as a qualifying child of the noncustodial parent (here, Mr. Shenk) rather than of the custodial

parent (Ms. Phillips).[2]  Sec. 152(e)(1); 26 C.F.R. sec. 1.152-4, Income Tax Regs.

The child could be the qualifying child of Mr. Shenk, under section 152(e)(1) and

(2), if--

- The "child receives over one-half of the child's support during the calendar year from the child's parents * * * who are divorced * * * under a decree of divorce", sec. 152(e)(1)(A);

- such child was "in the custody of 1 or both of the child's parents for more than one-half of the calendar year", sec. 152(e)(1)(B);

- "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year", sec. 152(e)(2)(A); and

- "the noncustodial parent attaches such written declaration to the noncustodial parent's return" for the appropriate taxable year, sec. 152(e)(2)(B).

## B.    The lack of a declaration

Mr. Shenk's claim in this case fails because he is unable to show

compliance with the third and fourth of the statutory criteria stated above--i.e.,

Ms. Phillips did not ever sign a declaration that she "will not claim such child as a

---

[2]For these purposes, Ms. Phillips was the child's custodial parent and Mr. Shenk was the child's noncustodial parent, because the State court orders gave Ms. Phillips "primary residential custody" of their children.  See sec. 152(e)(4); 26 C.F.R. sec. 1.152-4(d), Income Tax Regs.

dependent", and Mr. Shenk did not "attach[] such written declaration to" his return.

The IRS's prescribed means for the noncustodial parent to make this declaration is Form 8332, on which the relevant statement is "I agree not to claim". But whether made on that form or by an equivalent document,[3] a basic element necessary for satisfying section 152(e)(2)(A) is a custodial parent's declaration that (in the words of the statute) she "will not claim" the child as a dependent for a taxable year. Ms. Phillips never signed any declaration that she would not claim a dependency exemption deduction.

Mr. Shenk contends that under the conditions set out in the State court judgment of divorce, Ms. Phillips was not entitled to the disputed dependency exemption deduction, and he implicitly argues that she should have executed a

---

[3]A noncustodial parent may rely on an alternative document, provided that it "conform[s] to the substance" of Form 8332. 26 C.F.R. sec. 1.152-4(e)(1)(ii), Income Tax Regs. Form 8332 requires a taxpayer to furnish: the name of the child; the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; the Social Security number of the custodial parent; the signature of the custodial parent; the date of the custodial parent's signature; and the year(s) for which the claims were released. For the year at issue here, a signed judgment copy of a court order cannot satisfy section 152(e)(2). See 26 C.F.R. sec. 1.152-4(e)(1)(ii) ("A court order or decree or a separation agreement may not serve as a written declaration"). Moreover, the fact that the court order entitling Mr. Shenk to a dependency exemption deduction was explicitly conditional also renders that document insufficient. See Armstrong v. Commissioner, 139 T.C. ___ (Dec. 19, 2012); 26 C.F.R. sec. 1.152-4(e)(1)(i).

declaration disclaiming and releasing the exemption. However, section 152(e) requires that a declaration be "sign[ed]". The IRS stipulates that Mr. Shenk met the condition of the judgment (i.e., he was up-to-date with his child support payments); and we assume, as Mr. Shenk contends, that Ms. Phillips did not meet the condition imposed on her by the judgment, so that as far as the State court was concerned, Mr. Shenk was entitled to the disputed deduction. But ultimately it is the Internal Revenue Code and not State court orders that determine one's eligibility to claim a deduction for Federal income tax purposes, and Mr. Shenk does not meet the criteria of the Code for claiming the disputed dependency exemption deduction. He is the noncustodial parent, and the custodial parent did not sign the required declaration.

As we explained in Miller v. Commissioner, 114 T.C. 184, 195-196 (2000), aff'd on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002), Congress added the written declaration requirement to section 152(e) in 1984 to provide more certainty to the "often subjective and * * * difficult problems of proof and substantiation" that accompanied dependency exemption deduction disputes under the prior statutory scheme. H.R. Rept. No. 98-432 (Part

2), at 1498 (1984), 1984 U.S.C.C.A.N. 697, 1140.[4]  Any rule by which Mr. Shenk could prevail here would require us to revert to resolving those "difficult problems of proof and substantiation" that we were supposed to leave behind with the prior scheme--in this case, not only questions about whether Mr. Shenk had fulfilled his support obligations (a question apparently easy to answer in this instance, though difficult and controversial in others), but also questions about whether Ms. Phillips was "employed and earning income", as the judgment required.  If such questions had to be answered before one could determine the proper claimant of the dependency exemption deduction, then section 152(e) would fail of its purpose. We therefore hold that under section 152, neither W.S. nor L.S. is a qualifying child of Mr. Shenk for tax year 2009; and as a result, Mr. Shenk is not entitled to the disputed dependency exemption deductions for 2009.

---

[4]The House report stated:

> The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. * * * The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption.  Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.

H.R. Rept. No. 98-432 (Part 2), at 1498-1499 (1984), 1984 U.S.C.C.A.N. 697, 1140.

C.    The possibility of a future declaration

Mr. Shenk asked us to leave open the trial record in this case so that he could move the State court to order Ms. Phillips to sign a Form 8332 that he could then submit. But even if we assume (without deciding) that a custodial parent's declaration submitted after the custodial parent has filed his return could sometimes qualify as being "attache[d] * * * to the noncustodial parent's return" for purposes of section 152(e)(2)(B),[5] any declaration that Mr. Shenk could now obtain and submit would fail to qualify under section 152(e)(2)(A).

Ms. Phillips claimed L.S. as a dependent on her 2009 income tax return filed April 15, 2010--i.e., more than three years ago. Under section 6501(a), the general three-year period of limitations for assessing tax against her for 2009 expired on April 15, 2013.[6] Thus, in this case the custodial parent did "claim such child as a dependent"; the IRS did not disallow the claim; and the period of limitations for assessing tax against the custodial parent has now run. A clear

---

[5]For competing views on whether a late-submitted declaration can be considered "attache[d] * * * to the noncustodial parent's return", see Armstrong v. Commissioner, 139 T.C. at ___ (slip op. at 21-24) (Goeke, J., concurring), and Armstrong v. Commissioner, 139 T.C. at ___ (slip op. at 25-70) (Holmes, J., dissenting). We do not resolve that issue in this Opinion.

[6]Mr. Shenk did not make or attempt any showing that any exception to the general rule, see sec. 6501(c), might apply.

purpose of the statute is to prevent a dependency exemption deduction for one child to be claimed by and allowed for two parents; but if Mr. Shenk could succeed at what he now proposes, both parents would obtain the deductions for W.S. and L.S.  The statute does not permit this outcome, as we now show:

If Ms. Phillips were now to sign a declaration that she "will not claim such child as a dependent" (or, as Form 8332 would have her put it, "I agree not to claim an exemption for" the child), that declaration would be both contrary to fact and without legal effect.  She <u>did</u> claim the deduction for L.S.; the IRS allowed it; and it is now evidently too late for the IRS to take it back.  In order for the custodial parent to sign a meaningful declaration to the effect that she "<u>will</u> not claim such child as a dependent"--i.e., that she agrees not do so <u>in the future</u>--she ought to make that declaration before she has filed any return claiming the child as a dependent.  But if she has already filed a return claiming the child as a dependent, perhaps she could nonetheless meaningfully so declare if she does so at the time she files an amended return on which she disclaims the deduction; in that case, she agrees not to claim the exemption again.  Or, if she has already filed a return claiming the child as a dependent and does not amend that return, perhaps her declaration could have some minimal significance if the period of limitations for assessment were still open and her statement therefore left her susceptible to

having the IRS disallow her deduction and assess the corresponding tax against her; in that case, she agrees not to claim the exemption if she is challenged.

But once the period of limitations for assessment has expired and the custodial parent's claim of the child as a dependent is not susceptible to being disturbed, any statement by her that she "will not claim such child as a dependent" for that year would be absurd. The time for her to declare what she "will" do as to that taxable year has necessarily come and gone. As a logical matter and by definition, she is unable to declare what she "will" do about a past year now closed, so she is no longer capable of signing a declaration that qualifies under section 152(e)(2)(A). Consequently, even if the concept in section 152(e)(2)(B) of being "attache[d] * * * to the return" has enough flexibility to allow a noncustodial parent to submit a declaration at some point after the filing of his return, that flexibility must have limits--and the outside limit would surely be the custodial parent's period of limitations. Beyond that point, any declaration that the noncustodial parent "attaches" fails to qualify under section 152(e)(2)(A) as a statement of what she "will" do.

II.     Child tax credit

A taxpayer is entitled to a child tax credit for "each qualifying child", as defined in section 152, who has not reached the age of 17 and for whom the taxpayer is allowed a dependency exemption deduction under section 151. Sec. 24(a), (c)(1).  Given our determination that, under section 152, neither W.S. nor L.S. is a "qualifying child" of Mr. Shenk for the year at issue and that Mr. Shenk is not allowed the dependency exemption deduction for either of them, it follows that Mr. Shenk is not entitled to a child tax credit for W.S. or L.S. for that year.

III.    Head-of-household filing status

Section 1 of the Code provides different tax rates for different taxpayers, and section 1(b) provides relatively favorable rates for a "head of a household (as defined in section 2(b))".  Section 2(b) in turn defines a "head of a household", and one of the criteria for that status is that the taxpayer "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of * * * (i) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e))".  Sec. 2(b)(1)(A).  Under section 152(c)(1)(B), a "qualifying child" must have "the same principal place of abode as the taxpayer for more than

one-half of such taxable year"; and by providing that the child's status is determined "without regard to section 152(e) ["Special Rule for Divorced Parents, Etc."]", section 2(b) provides that a noncustodial parent cannot meet the "principal abode" requirement by obtaining a declaration from the custodial parent. Rather, head-of-household status depends on having a qualifying child actually sharing the taxpayer's place of abode for more than half of the year.

Mr. Shenk admits, however, that all three of his children resided with their mother for more than half of 2009 and with him for less than half of 2009. Consequently, no qualifying child lived with Mr. Shenk in his place of abode for more than half of that year, so he is not entitled to head-of-household filing status.

In view of the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.