# United States Tax Court

T.C. Summary Opinion 2022-2

BABAJIDE MUHAMMED OLA-BURAIMO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

―――――――

Docket No. 8633-20SL.                    Filed February 14, 2022.

―――――――

Babajide Muhammed Ola-Buraimo, pro se.

*Hannah E. Miller* and *Alexander R. Roche*, for respondent.


## SUMMARY OPINION

GUY, *Special Trial Judge*:  This collection review case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) Independent Office of Appeals (Appeals Office) issued a notice of determination to petitioner sustaining a proposed levy to collect unpaid Federal income tax and related assessments for the taxable years 2013, 2014, and 2016. Petitioner invoked the Court's jurisdiction by filing a timely petition for

―――――――――――――

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, and all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

review under section 6330(d). He resided in Illinois when the petition was filed.

In an Order issued December 8, 2021, we granted respondent's motion to dismiss as to the taxable year 2013 on the ground the underlying liability for that year has been paid in full and the matter is moot. We are left to decide whether respondent may proceed with the proposed levy for the taxable years 2014 and 2016 (years in issue).

*Background*[2]

## I. *Petitioner's Background*

Petitioner and his now former spouse are the parents of three children. In March 2011 petitioner and his former spouse entered into a marital settlement agreement whereby petitioner's former spouse was awarded "sole custody, control and education of their minor children with liberal visitation to [petitioner]." At the same time, the couple executed a parenting agreement under which petitioner was scheduled to care for the children every other week from Friday afternoon to Sunday afternoon, certain holidays, and four weeks each summer.

## II. *Petitioner's Tax Returns*[3]

### A. *2014*

Petitioner filed a timely Federal income tax return for the taxable year 2014. As is relevant here, in addition to a personal exemption for himself, petitioner claimed a dependency exemption for one of his children, and an earned income credit. Petitioner did not include with the return Form 8332, Release/Revocation of Claim to Exemption for Child by Custodial Parent, signed by his former spouse.

Respondent initially processed petitioner's 2014 return, made certain adjustments to correct mathematical errors (and notified petitioner of the same), credited him with an earned income credit of

---

[2] Some of the facts have been stipulated.

[3] The record includes Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, or similar types of transcripts of account, summarizing adjustments to and actions taken in respect of petitioner's tax accounts for the years in issue.

$3,305, and transferred the resulting overpayment of $1,764 to a state agency to offset unpaid child support.

Respondent subsequently examined petitioner's return and in August 2016 issued a notice of deficiency to him determining an income tax deficiency of $3,316 and an accuracy-related penalty of $663 under section 6662(a). The deficiency was attributable to respondent's determination that petitioner was not entitled to the dependency exemption that he had claimed for his child, which resulted in a change to petitioner's filing status from head of household to single and denial of the claimed earned income credit. Although respondent properly mailed the notice of deficiency to petitioner at his last known address, petitioner did not receive the notice.

In February 2017, after no petition for redetermination had been filed with the Court challenging the notice of deficiency, respondent assessed the tax and the accuracy-related penalty determined in the notice of deficiency for 2014, along with interest.

Respondent subsequently sent notice and demand for payment to petitioner in respect of the balance due on his account for 2014. When petitioner failed to remit payment, respondent assessed an addition to tax of $630 for failure to pay the balance due and initiated collection activity as described below.[4]

B.    *2016*

Petitioner filed a timely Federal income tax return for the taxable year 2016. As was the case for 2014, petitioner claimed a dependency exemption for one of his children, but he did not include with the return Form 8332 signed by his former spouse. Petitioner reported tax of $1,998 and claimed an earned income credit of $3,373 and an overpayment of $1,374.

In July 2017 respondent sent a notice to petitioner identifying changes to his 2016 tax return attributable to mathematical errors. Specifically, respondent disallowed the claimed dependency exemption, changed petitioner's filing status from head of household to single, and

---

[4] Respondent now concedes that petitioner is not liable for the accuracy-related penalty or the addition to tax for late payment assessed for the taxable year 2014.

disallowed all but $134 of the claimed earned income credit.[5] The record is unclear as to whether petitioner received the notice. As a result of the aforementioned changes, respondent assessed tax of $1,998 reported on petitioner's return, along with interest, and issued a notice and demand for payment to petitioner.[6] When petitioner failed to remit payment, respondent initiated the collection activity described below.

III.    *Collection Due Process*

In March 2019 the IRS sent a notice of intent to levy to petitioner for the years in issue. In a timely request for an administrative hearing, petitioner asserted that he did not owe additional tax and that the IRS should attempt to collect any tax due from his former spouse.

In November 2019 petitioner participated in an Appeals Office administrative hearing. During the hearing he requested spousal relief, asserted that the IRS had erred in adjusting his tax returns, and requested that his account be placed in currently not collectible status. The settlement officer assigned to the matter concluded that petitioner was not eligible for spousal relief for the years in issue because he did not file joint tax returns,[7] that the assessments for the years in issue were valid and requested that petitioner submit financial information (a collection information statement) in support of his request that his account be placed in currently not collectible status.

In March 2020 in the absence of any additional information from petitioner, the Appeals Office closed the administrative proceeding and issued the notice of determination underlying this action. In sum, the Appeals Office denied petitioner's request that his account be placed in currently not collectible status and sustained the proposed levy action for the years in issue.

---

[5] The term "mathematical or clerical error" is defined in section 6213(g)(2)(K) and (M) to include omissions of information required to claim an earned income credit or an entry on a return claiming the earned income credit with respect to a child if the taxpayer is a noncustodial parent of the child.

[6] Although respondent also assessed an addition to tax for late filing of petitioner's tax return for 2016, respondent conceded at trial that petitioner is not liable for that addition to tax.

[7] Under section 6015(a) an individual who had made a joint return may elect to seek relief from joint and several liability in respect of that joint return. Petitioner did not file a joint return for the years in issue. In any event he did not raise this issue in his petition, and the matter is deemed conceded.

*Discussion*

I.   *Collection Due Process*

Section 6330 provides procedures for administrative and judicial review of the Commissioner's proposed levy actions.  Any person receiving a notice of proposed levy may request an administrative hearing with the Appeals Office.  The Appeals Office in turn is obliged to verify that the requirements of any applicable law or administrative procedure have been meet.  § 6330(c)(1), (3)(A).  The person may raise at the administrative hearing any relevant issue relating to the unpaid tax or the collection action, including challenges to the appropriateness of the collection action and offers of collection alternatives.  § 6330(c)(2)(A), (3)(B).  The person may also raise at the hearing challenges to the existence or amount of the underlying liability if the person did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such liability.  § 6330(c)(2)(B).  Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary.  § 6330(c)(3)(C).

Section 6330(d) vests the Court with jurisdiction to review administrative determinations in collection actions.  Where the underlying tax liability is properly at issue, we apply a de novo standard of review.  *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000).  We review issues that do not relate to the underlying tax liability for abuse of discretion.  *Id.* at 182.  An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law."  *Woodral v. Commissioner*, 112 T.C. 19, 23 (1999).

Respondent seeks to collect petitioner's unpaid tax and interest for the years in issue.  Because the record shows that petitioner did not receive a notice of deficiency or otherwise have an opportunity to challenge his underlying liabilities for the years in issue, he is entitled to do so in this proceeding.  *See* § 6330(c)(2)(B).

Respondent maintains that petitioner is not entitled to claimed dependency exemptions for either year in issue; consequently, he is neither entitled to head of household filing status nor entitled to all or a substantial portion of the claimed earned income credits.

II.   *Dependent Exemption Deduction*

An individual is allowed a deduction for an exemption for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  § 151(c).  Section 152(a) defines the term "dependent" to include "a qualifying child."  Generally, a "qualifying child" must: (1) bear a specified relationship to the taxpayer (e.g., be a child of the taxpayer), (2) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (3) meet certain age requirements, (4) not have provided over one-half of such individual's support for the taxable year, and (5) not have filed a joint return for that year.  § 152(c)(1).

On this record, we conclude that none of petitioner's children resided with him for more than one-half of the year during either year in issue.  Petitioner offered no objective evidence to the contrary. Because none of the children shared the same principal place of abode as petitioner as required under subparagraph (B) of section 152(c)(1), he did not have a qualifying child within the meaning of that provision during the years in issue.

In the case of divorced parents, special rules determine which parent may claim a dependency exemption deduction for a child. Pursuant to section 152(e), when certain criteria are met, a child may be treated as a qualifying child of the noncustodial parent (here, petitioner) rather than of the custodial parent (petitioner's former spouse).  *See* Treas. Reg. § 1.152-4.  The child in question could be petitioner's qualifying child if the "child receives over one-half of the child's support during the calendar year from the child's parents . . . who are divorced . . . under a decree of divorce," *see* § 152(e)(1)(A)(i), such child was "in the custody of 1 or both of the child's parents for more than one-half of the calendar year," *see* § 152(e)(1)(B), "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year," *see* § 152(e)(2)(A), and "the noncustodial parent attaches such written declaration to the noncustodial parent's return" for the relevant taxable year, *see* § 152(e)(2)(B).

Petitioner is not entitled to the disallowed dependency exemption under this provision because he is unable to show compliance with the third and fourth requirements summarized above.  In short, there is no indication that petitioner's former spouse signed a declaration that she

would not claim the child in question as a dependent, and petitioner did not attach any such written declaration to his tax returns for the years in issue. *See, e.g.*, *Shenk v. Commissioner*, 140 T.C. 200, 204–07 (2013).

Petitioner argues that he is entitled to claim the child in question as a dependent consistent with determinations made during his divorce proceedings. We disagree. It is the Code, and not state court orders, that determines a taxpayer's eligibility to claim a deduction for federal income tax purposes. *See, e.g.*, *Miller v. Commissioner*, 114 T.C. 184, 195–96 (2000). In sum, petitioner does not meet the criteria of the Code for claiming the disputed dependency exemption deduction for his child.

III.   *Earned Income Credit*

Section 32(a)(1) provides an eligible individual with an earned income credit against the individual's income tax liability, subject to a phaseout in paragraph (2). Section 32(b) prescribes different percentages and amounts used to calculate the credit. The amount of the credit to which an eligible individual is entitled increases if the individual has a qualifying child (as defined in section 152(c) and determined without regard to the special rule for waiver from the custodial parent under section 152(e)). § 32(b), (c)(3).

Because the child that petitioner claimed as a dependent was not his qualifying child under section 152(c) for the reasons stated above, respondent correctly determined that he is not entitled to an earned income credit for 2014 and is limited to a substantially reduced earned income credit for 2016.

IV.   *Head of Household Filing Status*

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As relevant herein, an unmarried individual is considered a head of a household only if the individual maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a qualifying child of the individual (as defined in section 152(c)). § 2(b)(1)(A)(i). Because the child that petitioner claimed as a dependent was not petitioner's qualifying child under section 152(c) for the reason stated above, petitioner is not entitled to head of household filing status for the years in issue.

V.     *Conclusion*

We have noted respondent's concessions for the years in issue. Petitioner has otherwise failed to show that respondent erred in determining or otherwise adjusting his underlying tax liabilities for the years in issue.

Because petitioner did not offer an alternative to the proposed levy action or present the financial information that the Appeals Office required to evaluate his request that his account be placed in currently not collectible status, we are satisfied that the Appeals Office did not abuse its discretion in deciding to proceed with the proposed levy action. It is well settled that the Appeals Office is justified in denying currently not collectible status if the taxpayer fails to submit requested financial information. *See, e.g., Chadwick v. Commissioner*, 154 T.C. 84, 95 (2020).

To reflect the foregoing,

*An appropriate decision will be entered.*