T.C. Memo. 1996-560

UNITED STATES TAX COURT

GERALD REGINALD PAULSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 433-96.                    Filed December 30, 1996.

Gerald Reginald Paulson, pro se.

<u>Blaine Holiday</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined the following deficiencies in Federal
income taxes and additions to tax against petitioner:

_____

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|--------------------------------|
| 1991 | $   896 | $100 |
| 1992 | 1,485 | 184 |
| 1993 | 1,290 | 79 |

After concessions by petitioner, the sole issue for decision is whether petitioner is entitled to the dependency exemption for his daughter, under section 151, for each of the years in question.[2]

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioner was a legal resident of Anoka, Minnesota, at the time the petition was filed.

Petitioner was divorced from his wife, Cindy Lou Paulson, on September 28, 1990. Petitioner and his former wife had one child of their marriage, a daughter, Candi Lynn Paulson, who was born on August 3, 1975. In a "Second Amended Judgment and Decree", dated December 24, 1990 (the decree), rendered by a Minnesota State court, petitioner's former spouse was awarded "The permanent sole legal and physical custody, care and control of

---

[2]  The dependency exemption is the only adjustment in the notice of deficiency that was placed at issue in the petition. At trial, petitioner affirmed his concession of disallowed alimony payments for the 3 years at issue, taxable unemployment compensation income for 1992, itemized deduction adjustments for the 3 years at issue, and the addition to tax under sec. 6651(a)(1) for the 3 years at issue.

the minor child of the parties", with visitation rights accorded petitioner. Petitioner was required to pay, for the support of the minor child, $456 per month, in equal installments of $228 on the 1st and 15th days of each month, commencing on October 15, 1990. The record does not show that, for the years in question, there were any changes to this support requirement. The decree also provided that "Petitioner shall have the right to claim the minor child of the parties on his federal and state tax returns provided that he has been current in his child support payments throughout the calendar year and is current at the time of filing his tax return." The decree further provided that petitioner's former spouse "shall execute IRS Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, in accordance with present and future Internal Revenue Code provisions and corollary state income tax forms, so that the foregoing Order is fully implemented."

For each of the years at issue, petitioner claimed his daughter Candi Lynn as a dependent on his Federal income tax returns. However, the returns filed by petitioner did not have attached thereto Internal Revenue Service (IRS) Form 8332 nor any other statement executed by petitioner's former spouse that would contain substantively the same information called for on Form 8332.

In the notice of deficiency, respondent disallowed the dependency exemption claimed by petitioner on the ground that petitioner had not established that he was entitled to the dependency exemption. At trial, counsel for respondent agreed that, for the years in question, petitioner was current in his support obligations for his child; however, petitioner was not entitled to the dependency exemption for the reason that petitioner's former spouse, as the custodial parent, had not released claim to the exemption for the years in question, which release would be reflected on IRS Form 8332 or any other written statement conforming thereto.

The determinations by the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 151(c) allows taxpayers an annual exemption amount for each "dependent" as defined in section 152. Under section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year

from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year. If these requirements are satisfied, as in the present case, "such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the 'custodial parent')", thus allowing the dependency exemption to be claimed by the "custodial parent".

To decide who has "custody", section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect. Since petitioner's divorce decree granted custody and physical possession of petitioner's daughter to his former spouse, the former spouse is considered the child's "custodial parent" under section 152(e).

Petitioner, as the "noncustodial parent", is allowed to claim the child as a dependent if any one of three statutory exceptions in section 152(e) is met. Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's support if:

(1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not

claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year;

(2) pursuant to section 152(e)(3), there is a multiple support agreement between the parties as provided in section 152(c); or

(3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, provided that certain other requisites, not pertinent here, are met.

In the present case, the exceptions in section 152(e)(3) and (4) do not apply. There was no multiple support agreement and no pre-1985 instrument. Therefore, petitioner is entitled to the dependency exemption only if the requirements of section 152(e)(2) are met.

Section 152(e)(2)(A) specifically requires that the custodial parent sign "a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent". Pursuant to this statutory provision, temporary regulations provide that, "The written declaration may be made on a form to be provided by the Service for this purpose. Once the Service has released the form, any declaration made other than on the

official form shall conform to the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[3] Internal Revenue Service Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, is the IRS form intended to satisfy sec. 152(e)(2)(A), and this form provides for the (1) name of the children for which exemption claims were released, (2) years for which the claims were released, (3) signature of the custodial parent, (4) Social Security number of the custodial parent, (5) date of signature, and (6) name and Social Security number of the parent claiming the exemption.

Petitioner did not attach IRS Form 8332 to his returns for any of the years in question, nor did he attach any other written statement, signed by his former spouse, which would, in substance, comply with the requirements of section 152(e)(2)(A) and the temporary regulations thereunder. Petitioner, therefore, has not established entitlement to a dependency exemption for his daughter for the years in question. Respondent is sustained on this issue.

---

[3] The Court notes that temporary regulations have binding effect and are entitled to the same weight as final regulations. Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

At trial, petitioner expressed some degree of exasperation over the fact that the State court judgment expressly allowed him the dependency exemption "but they didn't tell me that back then that I had to have a letter of hers saying I could have [the exemption]". The court judgment, however, quoted above, expressly provides that petitioner's former spouse was required to execute IRS Form 8332 or any other form required by Federal and State internal revenue laws. The record is silent as to whether petitioner ever requested his former spouse to execute the necessary release. Petitioner further complained "Why doesn't the court system work together here? I mean, why does the Anoka County court system give me this right, and then the Federal court says, no, I can't do this. The IRS says I can't do this." The answer to that concern is very simple: petitioner did not obtain from his former spouse and attach to his return the required release; i.e., IRS Form 8332 or any acceptable written statement. The Court explained to petitioner that, if his former wife refused to comply with the requirements of the divorce decree, his recourse was to seek relief against her in the State court that issued the decree. The bottom line is that the court systems do work, but it is up to the aggrieved party to seek relief from the appropriate court where the rights of such party have not been honored.

Decision will be entered

for respondent.