142 T.C. No. 6

UNITED STATES TAX COURT

LISA BEAMON SWINT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11770-12.                          Filed February 24, 2014.

Prior to marrying P, P's husband had a child with TDW.  An agreed entry filed by a State court in February 1998 provided that P's husband would be entitled to a dependency exemption deduction and a child tax credit for the child if he was current in his child support obligations.  The agreed entry was not signed by P's husband or TDW.  P and her husband filed a joint Federal income tax return for the taxable year 2009 claiming a dependency exemption deduction and a child tax credit.  R disallowed P's claim for a dependency exemption deduction and a child tax credit.

Held:  Sec. 1.152-4(e)(1)(ii), Income Tax Regs., provides that for taxable years starting after July 2, 2008, a "court order or decree or a separation agreement may not serve as a written declaration." However, sec. 1.152-4(e)(5), Income Tax Regs., provides a carveout to this rule:  If a written declaration was executed in a taxable year beginning on or before July 2, 2008, we look to the requirements for the form of a written declaration that were in effect at the time the written declaration was executed.  At the time the agreed entry was

filed in 1998 there was no prohibition on using a court order or decree or a separation agreement as a written declaration if the other requirements for a written declaration were met.

Held, further, the agreed entry did not satisfy the requirements for the form of a written declaration in effect at the time the agreed entry was executed because it was not signed by the custodial parent and was not unconditional. Therefore, P is not entitled to a dependency exemption deduction or a child tax credit for the child.

Ljubomir Nacev, for petitioner.[1]

Robert D. Kaiser and Edward Lee Walter, for respondent.

RUWE, Judge: Respondent determined a deficiency in petitioner's Federal income tax of $1,547 for the taxable year 2009 (year at issue). The issues for decision are: (1) whether petitioner is entitled to a dependency exemption deduction under section 151(a)[2] and (c); and (2) whether petitioner is entitled to a child tax credit under section 24(a).

---

[1]Mr. Nacev entered his appearance after the trial and filed a posttrial memorandum brief on petitioner's behalf.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Ohio.

Petitioner married Tommy L. Swint in 2000. Mr. Swint passed away in 2010. From 2000 through 2010 petitioner and Mr. Swint filed joint Federal income tax returns.

Before marrying petitioner, Mr. Swint had a child (minor child)[3] that was born in 1997 with Tonia Dawn Wilson. An agreed entry between Mr. Swint and Ms. Wilson was filed on February 13, 1998, by the Common Pleas Court of Montgomery County, Ohio, Juvenile Division. The parties submitted into evidence two pages of the agreed entry. In regard to the dependency exemption deduction the agreed entry stated:

> [Mr. Swint] shall be entitled to claim the minor child as a dependency exemption as long as he is current in his child support obligations for all applicable federal, state and local tax purposes. Failure to keep current with his support obligations will result in a forfeiture of any rights under this paragraph until such time as * * * [Mr. Swint] has eliminated all arrearages and is again fully current in his child support obligations. Delinquency in child support will cause the income tax deduction to be transferred to * * * [Ms. Wilson] until the arrearage is paid and all payments are current. The parties agree

_____

[3]The names of minor children are redacted. See Rule 27(a)(3).

to cooperate with the execution of any and all documents necessary to allow the claiming of these exemptions.

The pages of the agreed entry submitted into evidence were not signed by either Mr. Swint or Ms. Wilson.

Petitioner and Mr. Swint timely filed a joint Federal income tax return for the year at issue claiming a dependency exemption deduction and a child tax credit for the minor child. The minor child did not live with petitioner and Mr. Swint during the year at issue.

On February 6, 2012, respondent issued to petitioner a notice of deficiency for 2009. The notice of deficiency disallowed the dependency exemption deduction and the child tax credit for the minor child. Petitioner timely filed a petition disputing the determinations in the notice of deficiency.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Dependency Exemption Deduction

Generally, a taxpayer may claim dependency exemption deductions for all individuals who are dependents of the taxpayer for the taxable year. Sec. 151(a), (c). "Dependent" is defined by section 152(a) as including "a qualifying child". Sec. 152(a)(1).

In the case of divorced or separated parents, section 152(e) provides a special rule to determine which parent is entitled to a dependency exemption deduction for a child. Generally, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and receives more than one-half of his or her support from parents who are divorced or separated or who live apart at all times during the last six months of the calendar year will be considered the qualifying child of the custodial parent. Sec. 152(e)(1). Section 152(e)(4)(A) defines the custodial parent as "the parent having custody for the greater portion of the calendar year." Section 152(e)(4)(B) defines the noncustodial parent as "the parent who is not the custodial parent." The minor child did not live with Mr. Swint during the year at issue. As a result, Mr. Swint was the noncustodial parent of the minor child. See sec. 152(e)(4)(B).

Pursuant to section 152(e), a child will be treated as a qualifying child of the noncustodial parent rather than of the custodial parent when certain criteria are

met. One of the requirements for the child to be the qualifying child of the noncustodial parent is that "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". Sec. 152(e)(2)(A).

"The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332." Miller v. Commissioner, 114 T.C. 184, 189 (2000). Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, provides an effective and uniform way for a custodial parent to make the declaration required in section 152(e)(2)(A) for the benefit of the noncustodial parent. Armstrong v. Commissioner, 139 T.C. 468, 472 (2012). Form 8332 requires a taxpayer to furnish: the name of the child, the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; the Social Security number of the custodial parent; the signature of the custodial parent; the date of the custodial parent's signature; and the year(s) for which the claims were released.

Petitioner argues that the agreed entry filed February 13, 1998, suffices as a written declaration conforming to the substance of Form 8332. In respondent's

posttrial supplement to his pretrial memorandum, respondent argues that

"[d]ivorce decrees, or comparable documents, do not suffice for the purposes of a

written waiver by Form 8332 or a substantially conforming document under

section 152(e)."  Respondent relies on footnote 6 in <u>Armstrong v. Commissioner</u>,

139 T.C. at 472 n.6:

> For taxable years starting after July 2, 2008, a court order signed by
> the custodial parent will <u>not</u> satisfy 26 C.F.R. section 1.152-
> 4(e)(1)(ii), Income Tax Regs. * * * ("A written declaration not on the
> form designated by the IRS must conform to the substance of that
> form and must be a document executed for the sole purpose of
> serving as a written declaration under this section.  A court order or
> decree or a separation agreement may not serve as a written
> declaration").

This footnote in <u>Armstrong</u> was dictum and did not have any effect on the holding

of that case.  <u>Armstrong</u> involved a 2007 tax year.

Section 1.152-4(e)(1)(ii), Income Tax Regs., does provide that for taxable

years starting <u>after</u> July 2, 2008, a "court order or decree or a separation agreement

may not serve as a written declaration", and the taxable year in issue here is 2009.

However, section 1.152-4(e)(5), Income Tax Regs., also provides a transition rule that creates a carveout to section 1.152-4(e)(1)(ii), Income Tax Regs.

§ 1.152-4(e).  Written declaration.--

\* \* \* \* \* \* \*

(5)  <u>Written declaration executed in a taxable year beginning on or before July 2, 2008</u>.--A written declaration executed in a taxable year beginning on or before July 2, 2008, that satisfies the requirements for the form of a written declaration in effect at the time the written declaration is executed, will be treated as meeting the requirements of paragraph (e)(1) of this section.  \* \* \*

Under section 1.152-4(e)(5), Income Tax Regs., if a written declaration was executed in a taxable year beginning on or before July 2, 2008, we look to the requirements for the form of a written declaration that were in effect at the time the written declaration was executed.[4]

---

[4]Sec. 1.152-4(g), <u>Example</u> (<u>19</u>), Income Tax Regs., explains this as follows:

<u>Example 19</u>.  (i) Y and Z are the divorced parents of Child.  In 2003, Y and Z enter into a separation agreement, which is incorporated into a divorce decree, under which Y, the custodial parent, releases Y's right to claim Child as a dependent for all future years.  The separation agreement satisfies the requirements for the form of a written declaration in effect at the time it is executed.  Z attaches a copy of the separation agreement to Z's returns for 2003 through 2009.

(ii) Under paragraph (e)(1)(ii) of this section, a separation agreement may not serve as a written declaration.  However, under

(continued...)

The agreed entry was filed on February 13, 1998. Therefore, under section 1.152-4(e)(5), Income Tax Regs., we must determine whether the agreed entry satisfies the requirements of a written declaration that were in effect as of February 13, 1998. At that time there was no prohibition on using a court order, decree, or separation agreement as a written declaration for purposes of section 152(e). As a result, petitioner's reliance on a court order as the written declaration does not, by itself, preclude its potential qualification as a "written declaration" for purposes of section 152. See Chief Counsel Advice 200925041 (May 11, 2009) ("However, a noncustodial parent may continue to attach pages of a divorce decree or separation instrument executed on or before July 2, 2008, that unconditionally allows the noncustodial parent to claim an exemption for a child, if the pages constitute a statement substantially similar to Form 8332 under the requirements in effect at the time the decree or agreement was executed.").

---

[4](...continued)
paragraph (e)(5) of this section, a written declaration executed in a taxable year beginning on or before July 2, 2008, that satisfies the requirements for the form of a written declaration in effect at the time the written declaration is executed, will be treated as meeting the requirements of paragraph (e)(1) of this section. Therefore, the separation agreement may serve as the written declaration required by paragraph (b)(3)(i) of this section for 2009, and Z may claim Child as a dependent in 2009 and later years.

Our recent Opinion in Shenk v. Commissioner, 140 T.C. ___ (May 6, 2013), involved the taxable year 2009, to which section 1.152-4(e)(1)(ii), Income Tax Regs., applied. However, the divorce decree in Shenk was entered in 2003. Id. at ___ (slip op. at 3-4). Nevertheless, in dictum (the Opinion was decided on other grounds) in footnote 3 we stated:

> For the year at issue here, a signed judgment copy of a court order cannot satisfy section 152(e)(2). See 26 C.F.R. sec. 1.152-4(e)(1)(ii) ("A court order or decree or a separation agreement may not serve as a written declaration"). * * * See Armstrong v. Commissioner, 139 T.C. ___ (Dec. 19, 2012); 26 C.F.R. sec. 1.152-4(e)(1)(i).

Id. at ___ n.3 (slip op. at 10).

For reasons previously stated we believe that the above dictum in Shenk was incomplete and that a court order or decree or a separation agreement entered prior to July 2, 2008, can be a written declaration if it satisfies the other requirements in effect at the time of the entry. See sec. 1.152-4(e)(5), Income Tax Regs.

We must now determine whether the other requirements for a written declaration, that were in existence when the agreed entry was filed, have been met in order for the agreed entry to qualify as a written declaration under section 152(e).

Signature Requirement

As of February 13, 1998, section 152(e)(2)(A) provided that the noncustodial parent could claim the dependency exemption deduction if "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". (Emphasis added.)  The signature requirement is derived from the plain language of section 152(e)(2)(A) that was in effect at the time the agreed entry was filed.

"This Court consistently has held that section 152(e)(2) clearly and unambiguously requires the custodial parent to sign a written declaration releasing the dependency exemption for his or her child to the noncustodial parent." Miller v. Commissioner, 114 T.C. at 193.  "Satisfying the signature requirement is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2)." Id. at 190.  "Section 152(e)(2) and the corresponding regulations require, unequivocally, that the signature of the custodial parent be attached to the return of a noncustodial parent claiming a dependency exemption, regardless of the form or nature of the documentation attached to the return." Neal v. Commissioner, T.C. Memo. 1999-97, 1999 Tax Ct. Memo LEXIS 113, at *14; see also Shenk v. Commissioner, 140 T.C. at ___ (slip op. at 12); Paulson v.

Commissioner, T.C. Memo. 1996-560, 1996 Tax Ct. Memo LEXIS 579, at *10 ("Petitioner did not attach IRS Form 8332 to his returns for any of the years in question, nor did he attach any other written statement, signed by his former spouse, which would, in substance, comply with the requirements of section 152(e)(2)(A)". (Emphasis added.)). A State court order that is not signed by the custodial parent does not satisfy the express statutory requirements of section 152(e)(2)(A). See Miller v. Commissioner, 114 T.C. at 196.

The agreed entry was not signed by the custodial parent. Accordingly, we hold that the agreed entry did not satisfy the signature requirement of section 152(e)(2)(A).

Unconditional Declaration Requirement

As of February 13, 1998, section 152(e)(2)(A) provided that the noncustodial parent could claim the dependency exemption deduction if "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". (Emphasis added.) The language "will not claim" in section 152(e)(2)(A) is unconditional. As a result, in order for a written declaration to comply with section 152(e)(2)(A) the declaration by the custodial parent that he or she "will not

claim such child as a dependent" must also be unconditional. This Court has previously held that a conditional declaration does not comply with section 152(e)(2)(A). See Armstrong v. Commissioner, 139 T.C. at 474 ("her conditional declaration is at odds with the statute"); see also Gessic v. Commissioner, T.C. Memo. 2010-88, 2010 Tax Ct. Memo LEXIS 93, at *7-*8; White v. Commissioner, T.C. Memo. 1996-438, 1996 Tax Ct. Memo LEXIS 455, at *8.

Prior to 1985, the definition of "dependent" led to substantial controversy in cases involving divorced or separated taxpayers because determining which parent provided over one-half of a child's support presented "difficult problems of proof and substantiation." H.R. Rept. No. 98-432 (Part 2), at 1498 (1984), 1984 U.S.C.C.A.N. 697, 1140; see also Miller v. Commissioner, 114 T.C. at 187. In 1984, Congress amended section 152(e) to remove the requirement for the noncustodial parent to pay child support in excess of certain thresholds. See Deficit Reduction Act of 1984, Pub. L. No. 98-369, sec. 423(a), 98 Stat. at 799. Instead, Congress required that the custodial parent sign a written declaration that he or she "will not claim" the child as a dependent. See id.; sec. 152(e)(2)(A). This amendment removed the substantial evidentiary disputes that this Court previously had to resolve in determining which parent could claim the deduction. If the dependency exemption deduction was permitted to be released upon the

satisfaction of a conditional declaration, this Court would have to revert to resolving those "difficult problems of proof and substantiation" that we were supposed to leave behind with the prior scheme. See Armstrong v. Commissioner, 139 T.C. at 475.

Petitioner argues that we should reconsider our previous Opinions in Miller, Armstrong, and Shenk regarding the signature and unconditional waiver requirements because the import of the transitional rule as it affects the signature and unconditional waiver requirements was not before the Court in those cases. We decline this invitation. Those cases all involved the sufficiency of purported written declarations made prior to July 2, 2008, and correctly considered the statutory and regulatory requirements in existence at the time the writings were created. The transition rule does not eliminate any requirements for a valid written declaration that were in existence before July 2, 2008. In fact, the transition rule confirms the validity of the requirements that were in existence before the effective date. See sec. 1.152-4(e)(5), Income Tax Regs. (quoted supra p. 5).

The agreed entry provided that Mr. Swint would be entitled to claim the minor child only if he was current in his child support obligations. If Mr. Swint was not current on those obligations, then Ms. Wilson would have been entitled to claim the minor child. The release of the dependency exemption deduction by Ms.

Wilson in the agreed entry was conditional. Accordingly, we hold that the declaration in the agreed entry did not satisfy the unconditional declaration requirement of section 152(e)(2)(A).

Conclusion

As of February 13, 1998, section 152(e)(2)(A) required the custodial parent to sign a written declaration that he or she "will not claim" the child as a dependent. The agreed entry did not satisfy the signature requirement or the unconditional declaration requirement. Accordingly, we hold that the agreed entry did not satisfy the requirements for the form of a written declaration as of February 13, 1998. Therefore, under section 152 the minor child was not a qualifying child of Mr. Swint for the year at issue. As a result, petitioner is not entitled to a dependency exemption deduction for the minor child for the year at issue.

Child Tax Credit

A taxpayer is entitled to a child tax credit for "each qualifying child", as defined in section 152, who has not reached the age of 17. Sec. 24(a), (c)(1). Given our determination that, under section 152, the minor child was not a "qualifying child" of Mr. Swint for the year at issue, it follows that petitioner is not entitled to a child tax credit for the minor child for that year.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.