T.C. Summary Opinion 2015-9

UNITED STATES TAX COURT

CARLOS CALDERON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2244-14S.                    Filed February 5, 2015.

Carlos Calderon, pro se.

Derek P. Richman and William Lee Blagg, for respondent.

SUMMARY OPINION

JACOBS, Judge: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case. Unless

otherwise indicated, subsequent section references are to the Internal Revenue

Code in effect for 2011, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,665 in petitioner's Federal income tax for 2011. The issues for decision are (1) whether petitioner is entitled to dependency exemption deductions for his three minor children, GC, BC, and SC,[1] and (2) whether petitioner is entitled to a child tax credit.

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and the accompanying exhibits. At the time he filed his petition, petitioner resided in Florida.

Petitioner and his then wife, Tania Daza, entered into a Consent Decree of Dissolution of Marriage (With Children) (Non-Covenant Marriage) (consent decree), filed on March 24, 2009, with the Superior Court of the State of Arizona in and for the county of Maricopa. The consent decree obligated petitioner to pay child support for his three children. It also allocated Federal and State dependency exemptions between petitioner and Ms. Daza. Paragraph 41 of the consent decree provided:

---

[1] The Court refers to minors by their initials. See Rule 27(a)(3).

Allocating to the Father the federal and state dependency exemptions for the parties' minor children as follows: 2009, 2010, 2011, and 2012. In order for the Father to be able to claim the foregoing exemptions, he must be current in paying child support as defined in the Arizona Supreme Court's Child support Guidelines. If not, the Mother shall claim the benefits thereof on her federal and state tax returns for that tax year.

Paragraph 42 provided: "Allocating to the Mother the federal and state dependency exemption(s) for the parties' minor children as follows: 2013."

Ms. Daza was awarded sole custody of the children. Petitioner was awarded parenting time every other weekend and an uninterrupted two-week period during the summer months or school break.

Petitioner's 2011 Form 1040, U.S. Individual Income Tax Return, was received by respondent on October 22, 2012. Petitioner claimed his three children as dependents; he also claimed a child tax credit of $3,000. He did not attach a copy of the consent decree to his Federal tax return, nor did he attach any other document indicating that Ms. Daza released her claim to dependency exemptions for the children for 2011.

## Discussion

### I. Introduction

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the

determinations are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

II.    <u>Dependency Exemption Deduction</u>

Section 151(c) allows a taxpayer to deduct an "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." As pertinent hereto, section 152(a)(1) defines a "dependent" as a "qualifying child". Generally, a "qualifying child" must (i) bear a specified relationship to the taxpayer (such as child of the taxpayer); (ii) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (iii) meet certain age requirements; (iv) not have provided over one-half of his/her support for the year at issue; and (v) not have filed a joint return for the year. Petitioner acknowledges that the children did not share the same place of abode with him for more than one-half of the year.

In the case of divorced or separated parents, section 152(e) provides a special rule to determine which parent is entitled to a dependency exemption deduction for a child. In general, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and who receives more than one-half of his/her support from parents who are divorced or separated or who live apart at all times during the last six months of the calendar year will be

considered the qualifying child of the custodial parent. Sec. 152(e)(1); <u>Swint v. Commissioner</u>, 142 T.C. 131, 133 (2014). Section 152(e)(4)(A) defines the custodial parent as "the parent having custody for the greater portion of the calendar year." <u>See also</u> sec. 1.152-4(d)(1), Income Tax Regs. Section 152(e)(4)(B) defines the noncustodial parent as "the parent who is not the custodial parent." <u>See also</u> sec. 1.152-4(d)(1), Income Tax Regs. In the instant case, it is undisputed that petitioner's children lived with Ms. Daza for the greater portion of 2011. Ms. Daza therefore is the custodial parent, and petitioner is the noncustodial parent.

Pursuant to section 152(e), a child will be treated as a qualifying child of the noncustodial parent when certain criteria are met. One of the requirements is that "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". Sec. 152(e)(2)(A). And if the custodial parent signs such a written declaration, the noncustodial parent must attach it to the noncustodial parent's return for the taxable year beginning during such calendar year. Sec. 152(e)(2)(B).

Section 1.152-4(e)(1)(i), Income Tax Regs., provides that the written declaration must be an "unconditional release" of the custodial parent's claim to

the child as a dependent. "A declaration is not unconditional if the custodial parent's release of the right to claim the child as a dependent requires the satisfaction of any condition, including the noncustodial parent's meeting of an obligation such as the payment of support." Id. Section 1.152-4(e)(2), Income Tax Regs., provides that the noncustodial parent must attach a copy of the written declaration to the parent's tax return for each taxable year for which the child is claimed as a dependent. Section 1.152-4(e)(1)(ii), Income Tax Regs., provides that a written declaration may be made on Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent. Any written declaration not on that form must conform to the substance of Form 8332 and "must be a document executed for the sole purpose of serving as a written declaration under this section. A court order or decree or a separation agreement may not serve as a written declaration."[2] Id.

No documents were attached to petitioner's 2011 Form 1040 evidencing petitioner's right to claim dependency exemption deductions for his three children. At trial petitioner did not produce a Form 8332 or another document conforming

---

[2]A court order/decree may qualify as a written declaration if it was executed in a taxable year beginning on or before July 2, 2008. See Swint v. Commissioner, 142 T.C. 131, 136-137 (2014); sec. 1.152-4(e)(5), Income Tax Regs. As petitioner's consent order was entered into after July 2, 2008, this rule is inapplicable.

to that form's substance. Thus, the basic element necessary to satisfy section 152(e)(2)(A), i.e., that the custodial parent declare that she will not claim the child as a dependent for the taxable year, is lacking here. See Swint v. Commissioner, 142 T.C. at 137; Shenk v. Commissioner, 140 T.C. 200, 206 (2013).

Petitioner produced a copy of the consent decree providing that he was entitled to claim dependency exemption deductions for 2011. However, as stated supra note 2, for tax years beginning after July 2, 2008, a copy of a court order/decree is not sufficient. Moreover, the consent decree makes clear that petitioner's right to claim dependency exemptions for the children was not unconditional; rather, petitioner was entitled to the dependency exemptions provided he remained current in paying child support as defined in the Arizona Supreme Court's Child Support Guidelines. Thus, the consent decree, even if otherwise sufficient, would not satisfy the unconditional declaration requirement of section 152(e)(2)(A).

We do not doubt that petitioner has fulfilled his obligations under the consent decree. But it is the Internal Revenue Code which ultimately governs a taxpayer's entitlement to claim a Federal income tax deduction, and Federal law is strict in allowing those deductions. We therefore are required to conclude that

petitioner is not entitled to dependency exemption deductions for 2011 with respect to GC, BC, and SC.

III.    Child Tax Credit

A taxpayer is entitled to a child tax credit for "each qualifying child", as defined in section 152, who has not reached the age of 17 and for whom the taxpayer is allowed a deduction under section 151.  Sec 24(a), (c)(1).  Because GC, BC, and SC are not petitioner's qualifying children for 2011, petitioner is not entitled to a child tax credit for them.

To reflect the foregoing,

Decision will be entered

for respondent.