T.C. Summary Opinion 2015-41

UNITED STATES TAX COURT

GREGORY G. STOKES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14488-14S.                    Filed July 14, 2015.

Gregory G. Stokes, pro se.

<u>Emile Louis Hebert, III</u>, for respondent.

SUMMARY OPINION

PUGH, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

On March 24, 2014, respondent determined a deficiency of $3,665 in petitioner's Federal income tax for 2011. The issues for decision are whether petitioner is entitled to dependency exemption deductions and the child tax credit for his three children.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Louisiana at the time he filed his petition.

Petitioner separated from his wife Gina Stokes sometime between 2007 and 2011. The separation was formalized by an agreement between petitioner and Ms. Stokes signed on May 15, 2011. That agreement gave to Ms. Stokes custody of the couple's three children, N.S., C.S., and M.S., who lived with her in 2011.[2] Further, paragraph 13 of the agreement provided that Ms. Stokes would claim the dependency exemption deductions for the children. (Before 2011 petitioner and Ms. Stokes had claimed the deductions as they had filed jointly.) At the end of

_____

[2] For privacy reasons, the Court refers to children by their initials. See Rule 27(a)(3).

2011 petitioner and Ms. Stokes decided that petitioner would claim the dependency exemption deductions because he provided significant financial support for the children, and she did not have sufficient income to benefit from the dependency exemption deductions. Petitioner agreed to share part of the tax refund with Ms. Stokes.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2011, on which he claimed dependency exemption deductions and the child tax credit for his three children. Petitioner failed to attach a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or a similar statement, to his return. Respondent disallowed the dependency exemption deductions and the child tax credit.

## Discussion

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer. In addition to other requirements, a qualifying child must have the same principal residence as the taxpayer for more than one-half of the tax year. Sec. 152(c). In addition to other requirements, a qualifying relative must have an

annual gross income of less than the exemption amount, and the taxpayer must provide over one-half of the qualifying relative's support for the calendar year in which the taxable year begins.  Sec. 152(d).

In the case of divorced or separated parents, section 152(e) provides a special rule to determine which parent is entitled to a dependency exemption deduction for a child.  Generally, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and receives more than one-half of his or her support from parents who are divorced or separated or who live apart at all times during the last six months of the calendar year will be considered the qualifying child of the custodial parent.  Sec. 152(e)(1).  Section 152(e)(4)(A) defines the custodial parent as "the parent having custody for the greater portion of the calendar year."  Section 152(e)(4)(B) defines the noncustodial parent as "the parent who is not the custodial parent."  Petitioner is not the custodial parent of his three children with Ms. Stokes, and they did not live with him during 2011.

Pursuant to section 152(e), a child will be treated as a qualifying child of the noncustodial parent rather than of the custodial parent when certain criteria are met.  One of the requirements is that the "custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations

prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". Sec. 152(e)(2)(A).

"The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332." Miller v. Commissioner, 114 T.C. 184, 189 (2000). Form 8332 provides an effective and uniform way for a custodial parent to make the declaration required in section 152(e)(2)(A) for the benefit of the noncustodial parent. Armstrong v. Commissioner, 139 T.C. 468, 472 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014).

Petitioner gave credible and uncontradicted testimony that he provided over one-half of the support for his three children and provided documentation to support his testimony about the support he provided for the children. His testimony as to his oral agreement with Ms. Stokes that she would relinquish her right, as set forth in their separation agreement, paragraph 13, to claim the dependency exemption deductions for their three children also was credible. However, petitioner did not obtain a Form 8332, or a similar written statement, from Ms. Stokes. Without that form, or a similar written statement containing the information prescribed by section 152(e)(2), this Court is required to find that he

is not entitled to the dependency exemption deductions.  See Swint v. Commissioner, 142 T.C. 131, 139 (2014).

Subject to limitations, section 24(a) allows a child tax credit with respect to a qualifying child of the taxpayer as described in section 152(c) for whom the taxpayer is allowed a deduction under section 151.  Because N.S., C.S., and M.S. are not qualifying children under section 152(c) for the reasons stated above, petitioner is not entitled to the child tax credit for 2011.  See sec. 24(c)(1); Smith v. Commissioner, T.C. Memo. 2006-163.

To reflect the foregoing,

Decision will be entered for respondent.