T.C. Memo. 2015-141

UNITED STATES TAX COURT

HIRAM LEROY PORTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19448-13.                    Filed August 5, 2015.

Hiram Leroy Porter, pro se.

<u>Andrew K. Glover</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-mined a deficiency of $2,904 for petitioner's 2010 taxable year.[1]  The central

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect for the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*2]** question for decision is whether petitioner has sufficiently substantiated his claim, as a noncustodial parent, to a dependency exemption deduction for one of his three minor children. The answer to that question determines whether petitioner is entitled to head of household filing status and a child tax credit. We decide all issues in favor of respondent.

FINDINGS OF FACT

The parties filed a stipulation of facts with accompanying exhibits that are incorporated by this reference. Petitioner resided in Virginia when he petitioned this Court.

Petitioner has three children from a previous marriage. The marriage was dissolved in 2002 by a Florida court, which entered a divorce decree embodying the terms of a mediation agreement that petitioner and his ex-wife had reached. The decree specified that petitioner's ex-wife was to have primary residential custody of all three children and was entitled to claim the oldest and youngest children as dependents for Federal income tax purposes, while petitioner was entitled to claim the middle child as a dependent. The decree was signed and

**[*3]** entered on November 27, 2002, by Judge Karen K. Cole. Neither petitioner nor his ex-wife signed the decree.[2]

Petitioner attempted to file electronically his Federal income tax return for 2010. But unbeknownst to him, his ex-wife had claimed all three children (of whom she continued to have custody) as dependents on her 2010 return, which caused the IRS to reject his electronic filing. Petitioner then submitted a paper return claiming his youngest child as a dependent; he also claimed head of household filing status and a child tax credit.[3] Petitioner did not attach to his return Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or any other document signed by his ex-wife and stating that she would not claim that child as a dependent.

Respondent commenced an examination of petitioner's 2010 return. During the audit petitioner submitted a copy of the divorce decree, leading the examiner to

[2]Petitioner testified to the existence of a written copy of the mediation agreement that he and his ex-wife had signed, but he did not produce this document at trial. Respondent's counsel stated that he had requested a copy of this document beginning three months before trial, but petitioner did not respond to this or any subsequent request. The Court left the record open for 30 days to enable petitioner to find and submit a copy of the mediation agreement, but he did not do so.

[3]Petitioner testified that he and his ex-wife had orally agreed in 2008 to alter the divorce decree and have him claim the youngest child as a dependent, with his ex-wife claiming the elder two children.

**[\*4]** note that petitioner had claimed a deduction for a dependent child different from the one the decree entitled him to claim. The examiner suggested that petitioner file an amended return; he did so, listing the middle child as a dependent. But this did not solve the problem because petitioner's ex-wife had claimed that child as a dependent also. The IRS accordingly issued petitioner a notice of deficiency disallowing his claimed dependency exemption deduction and (as a corollary thereof) his claimed head of household filing status and child tax credit. Petitioner timely petitioned this Court challenging this deficiency.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace; taxpayers bear the burden of proving their entitlement to deductions allowed by the Code and substantiating the amounts thereof. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.

Section 151 allows a deduction for "personal exemptions," including exemptions for dependents; for 2010, this amount was $3,650 per exemption. Rev. Proc. 2009-50, 2009-45 I.R.B. 617. When the parents of a dependent child are

**[\*5]** divorced or legally separated, section 152(e)(1) generally awards the dependency exemption to the custodial parent, that is, the parent having custody of the child for the greater portion of the calendar year. Sec. 152(e)(4). Section 152(e)(2) provides an exception to this rule if two conditions are met, namely, if the custodial parent "signs a written declaration" releasing her claim to the exemption and if the noncustodial parent "attaches such written declaration to the noncustodial parent's return for the taxable year." Sec. 152(e)(2)(A) and (B). The declaration by the custodial parent must be made on Form 8332 or in a signed document substantially similar to Form 8332. See Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), aff'd on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

Petitioner did not attach Form 8332 to his 2010 return. It appears that he did not ask his ex-wife to sign a Form 8332 because he assumed the 2002 divorce decree would be sufficient. Thus, he must rely on another form of "written declaration."

A court order or decree executed before July 3, 2008, can serve as a "written declaration" for purposes of section 152(e)(2)(A). See sec. 1.152-4(e)(5), Income Tax Regs. In determining whether a judicial decree qualifies as such, we must consider the statutory requirements in effect for the year in which the decree was

**[\*6]** executed.  See <u>Swint v. Commissioner</u>, 142 T.C. 131, 133-136 (2014).  As in effect during 2002, the statute required that "the custodial parent sign[] a written declaration (in such manner and form as the Secretary may by regulations pre-scribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year."  Sec. 152(e)(2)(A) (2002); <u>see</u> <u>Swint</u>, 142 T.C. at 136-137.  This Court has consistently upheld the requirement, explicit on the face of the statute, that the custodial parent sign the written declara-tion.  <u>Swint</u>, 142 T.C. at 136-137; <u>Miller</u>, 114 T.C. at 193; <u>Hendricks v. Commis-sioner</u>, T.C. Memo. 2014-192, at \*7; <u>Allred v. Commissioner</u>, T.C. Memo. 2014-54, at \*8.

Petitioner's ex-wife, the custodial parent during 2010, did not sign the 2002 divorce decree.  Petitioner argues that the decree should nevertheless satisfy the "written declaration" requirement because it was signed by a State court judge.  Unfortunately for petitioner, this Court, relying on the plain language of section 152(e), has consistently rejected that argument.  <u>See, e.g.</u>, <u>Swint</u>, 142 T.C. at 137 ("A State court order that is not signed by the custodial parent does not satisfy the express statutory requirements of section 152(e)(2)(A)."); <u>Miller</u>, 114 T.C. at 196 (disallowing dependency exemption even though noncustodial parent provided IRS with divorce decree signed by State court judge).

**[*7]**   Alternatively, petitioner asserts that he might have secured a timely signed declaration from his ex-wife if the IRS examiner had not led him to believe that the divorce decree alone would suffice.  But respondent's counsel repeatedly informed petitioner of the signature requirement and provided him with multiple opportunities to produce the necessary documentation.  Petitioner failed to do so, and we decline to entertain his estoppel argument.[4]

We are not unsympathetic to petitioner's position.  By requiring an unambiguous signed declaration by the custodial spouse, Congress sought to avoid complex factual inquiries into the subjective intentions of divorced parents.  This statutory requirement may sometimes impose harsh results on taxpayers such as petitioner, when an ex-spouse claims dependency exemption deductions in violation of their divorce decree.  But we are bound by the statute as written by Congress.  See Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v.

---

[4]In any event, there is no requirement that IRS officials notify taxpayers of their specific responsibilities under the tax laws.  Allred v. Commissioner, T.C. Memo. 2014-54, at *11; Chamberlain v. Commissioner, T.C. Memo. 2007-178, 94 T.C.M. (CCH) 35, 37; see also Wilkinson v. United States, 157 Ct. Cl. 847, 859 (1962) ("[T]he assertions or representations of a Revenue agent, pertaining to a question of law, are not binding upon the United States.").  Petitioner in his posttrial brief cites IRS Publication 501, Exemptions, Standard Deduction, and Filing Information.  But that publication explicitly states that if a noncustodial parent relies on a divorce decree, the decree must contain a "signature page with the other parent's signature and the date of the agreement."

[*8] Commissioner, T.C. Memo. 2003-310, 86 T.C.M. (CCH) 582, 583. We have

no alternative but to conclude that petitioner has failed to carry his burden of

proving his entitlement to a dependency exemption deduction for 2010 and (as a

corollary of that conclusion) that he is not entitled to head of household filing

status or a child tax credit for that year.[5]

To reflect the foregoing,

Decision will be entered for

respondent.

---

[5]To be entitled to head of household filing status, a taxpayer must maintain a home that "constitutes for more than one-half of such taxable year the principal place of abode" of at least one qualifying child. Sec. 2(b). Petitioner stipulated that all three children resided with their mother for more than half of calendar year 2010. Thus, he would not be entitled to head of household filing status even if he had proven his entitlement to a dependency exemption deduction. To be entitled to the child tax credit, a taxpayer must have a "qualifying child * * * for which the taxpayer is allowed a deduction under section 151." See sec. 24(a).