T.C. Summary Opinion 2016-61

UNITED STATES TAX COURT

WILLIAM LESTER KENNEDY, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4103-14S.                    Filed September 26, 2016.

William Lester Kennedy, Jr., pro se.

Alexander N. Martini, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 10, 2013 (notice), respondent determined a $6,513 deficiency in petitioner's 2010 Federal income tax and imposed a $1,302.60 section 6662(a) accuracy-related penalty.

The issues for decision are whether petitioner is: (1) entitled to a dependency exemption deduction for any of his four minor children; (2) entitled to a child tax credit; and (3) liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Florida.

Petitioner married Shannon D. Vinson in 2000. They have four children, all minors as of the close of the year in issue. Petitioner and Ms. Vinson separated in August 2006; they were divorced by a judgment of final divorce filed November 19, 2008 (divorce decree).

While petitioner's divorce action was pending, his support obligations with respect to his children were established in a judgment dated December 14, 2007

---

[1](...continued)
Code of 1986, as amended, in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

(support decree).  In addition to establishing the amount of child support he was to pay, the support decree provides that petitioner is entitled to claim Federal and State dependency exemption deductions with respect to his children "as long as * * * [he remains] current in child support."  Ms. Vinson did not sign the support decree.  Petitioner satisfied his child support obligations during the year in issue; however, as of the close of that year there were arrearages in his child support payments carried over from prior years.

Neither the divorce decree nor the support decree provides for custody of petitioner's children.  Petitioner, who lived in Florida during the year in issue, agrees that Ms. Vinson, who lived in Louisiana during that year, was the custodial parent of their children.  As best we can determine from petitioner's presentation at trial, as of the date of trial, and although he had requested her to do so, Ms. Vinson had not signed a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, for any year since their divorce had become final.  Petitioner claimed a dependency exemption deduction for each of his four children on his 2007, 2008, and 2009 Federal income tax returns.  None of those returns were examined by respondent.  Before filing his 2010 Federal income tax return, and in response to his inquiry, petitioner received an email from an employee of the Support Enforcement, Louisiana Department of Children and

Family Services, advising that, "if a state court judgment is not conditional (i.e., there is no stipulation or clause regarding the arrearage), then the IRS can use that state court judgment to determine whether a filer is entitled to claim his or her children. If a state court judgment is conditional, the IRS will NOT use it to determine eligibility."

According to petitioner, his electronically submitted 2010 Federal income tax return, on which he claimed a dependency exemption deduction for each of his four children, was rejected because Ms. Vinson had already claimed dependency exemption deductions for the children on her 2010 Federal income tax return. Ultimately, petitioner consulted with a paid income tax return preparer, described his situation to that return preparer, and had his 2010 Federal income tax return prepared by that return preparer. As relevant here, on that return petitioner claimed a dependency exemption deduction for each of his children, along with a child tax credit computed as though he had three or more qualifying children. Needless to say, because Ms. Vinson refused to sign a Form 8332 for any year, petitioner did not, and could not, attach one to his 2010 return; he did, however, attach a copy of the support decree.

Respondent disallowed the dependency exemption deduction claimed for each of petitioner's children because, according to the notice: (1) the support

decree "had a stipulation of child support being current"; (2) petitioner "failed to provide a Form 8332 from the custodial parent with * * * [his] original filings"; and (3) "the children are being claimed by another taxpayer for the exemptions". Respondent also disallowed the child tax credit claimed on petitioner's return because, according to the notice, "one or more qualifying children [claimed on petitioner's return] has been disallowed". A section 6662(a) accuracy-related penalty is imposed in the notice on several grounds, including "negligence or disregard of rules or regulations" and a "substantial understatement of income tax."

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## I. Dependency Exemption Deductions

Section 151(c) allows a taxpayer to deduct an "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Section 152(a) defines a "dependent" as a "qualifying child" or a "qualifying relative". Under the circumstances, we need not get into the definitions of those terms.

In the case of divorced or separated parents, section 152(e) provides a special rule to determine which parent is entitled to a dependency exemption deduction for a child. In general, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and who receives more than one-half of his/her support from parents who are divorced or separated or who live apart at all times during the last six months of the calendar year will be considered the qualifying child of the custodial parent. Sec. 152(e)(1); Swint v. Commissioner, 142 T.C. 131, 133 (2014). Section 152(e)(4)(A) defines the custodial parent as "the parent having custody for the greater portion of the calendar year." See also sec. 1.152-4(d)(1), Income Tax Regs. Section 152(e)(4)(B) defines the noncustodial parent as "the parent who is not the custodial parent." See also sec. 1.152-4(d)(1), Income Tax Regs. Petitioner agrees that he was not the custodial parent of his children during 2010. By definition, that makes him their "noncustodial" parent.

Pursuant to section 152(e), a child will be treated as a qualifying child of the noncustodial parent only if, among other requirements, "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". Sec. 152(e)(2)(A). If the

custodial parent signs such a written declaration, then the noncustodial parent must attach it to the noncustodial parent's return for the taxable year beginning during such calendar year. Sec. 152(e)(2)(B).

Section 1.152-4(e)(1)(i), Income Tax Regs., provides that the written declaration must be an "unconditional release" of the custodial parent's claim to the child as a dependent. "A declaration is not unconditional if the custodial parent's release of the right to claim the child as a dependent requires the satisfaction of any condition, including the noncustodial parent's meeting of an obligation such as the payment of support." Id. Section 1.152-4(e)(2), Income Tax Regs., provides that the noncustodial parent must attach a copy of the written declaration to the parent's tax return for each taxable year for which the child is claimed as a dependent. Section 1.152-4(e)(1)(ii), Income Tax Regs., provides that a written declaration may be made on Form 8332. Any written declaration not on that form must conform to the substance of Form 8332 and "must be a document executed for the sole purpose of serving as a written declaration under this section." See Swint v. Commissioner, 142 T.C. at 136 (quoting Armstrong v. Commissioner, 139 T.C. 468, 472 n.6 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014)); see also sec. 1.152-4(e)(5), Income Tax Regs. A court order or decree or a separation agreement entered into on or before July 2, 2008, can be a written

declaration if it satisfies the other requirements in effect at the time of the entry. Sec. 1.152-4 (c)(5), Income Tax Regs.

Petitioner attached the support decree to his 2010 return. But as noted, that document makes clear that petitioner's right to claim dependency exemption deductions for the children was not unconditional; rather, petitioner was entitled to the dependency exemption deductions provided he remained current in paying child support. Consequently, the support decree, even if otherwise sufficient, would not satisfy the unconditional declaration requirement of section 152(e)(2)(A). Accordingly, petitioner is not entitled to the dependency exemption deductions here in dispute, and respondent's disallowances of those deductions are sustained.

## II. Child Tax Credit

A taxpayer is entitled to a child tax credit for "each qualifying child", as defined in section 152, who has not reached the age of 17 and for whom the taxpayer is allowed a deduction under section 151. Sec 24(a), (c)(1). Because petitioner is not entitled to a dependency exemption deduction for any of his children, he is not entitled to a child tax credit. Respondent's disallowance of that credit is sustained.

III.  Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty.  Relying upon various grounds, including a substantial understatement of income tax, respondent argues that he is.  See sec. 6662(a)-(d).

Section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to a substantial understatement of income tax.  Sec. 6662(b)(2).  An understatement of income tax is substantial within the meaning of section 6662 if, as relevant here, the understatement exceeds $5,000.  See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of the penalty imposed in the notice and here in dispute, see sec. 7491(c), and that burden has been satisfied because the understatement of income tax exceeds $5,000, see secs. 6211, 6662(d)(2), 6664(a).

Nevertheless, if petitioner shows that he acted in good faith and had reasonable cause for any portion of the underpayment of tax, then the section 6662(a) accuracy-related penalty is not applicable with respect to that portion.  See sec. 6664(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  It is petitioner's burden to establish that the imposition of the penalty is not

appropriate.  See Higbee v. Commissioner, 116 T.C. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Under certain circumstances, a taxpayer's reliance upon professional advice may establish the taxpayer's "reasonable cause" and "good faith" with respect to an underpayment of tax if the taxpayer establishes that:  (1) the professional was provided with complete and accurate information; (2) an incorrect return was a result of the preparer's mistakes; and (3) the taxpayer demonstrates good faith reliance on a competent professional.  See Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000); see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

It is clear from the record that petitioner is not experienced in tax matters. We are satisfied that petitioner met with his return preparer and fully disclosed the facts surrounding the situation with his children.  Moreover, we disagree with respondent's suggestion that petitioner should have relied upon the advice of the Louisiana official rather than the advice of his return preparer.  After considering the totality of the facts and circumstances, we conclude that there was reasonable cause for, and petitioner acted in good faith with respect to, the underpayment of tax required to be shown on his 2010 return.  See sec. 6664(c)(1); sec. 1.6664-

4(b)(1), Income Tax Regs.  It follows that petitioner is not liable for a section 6662(a) accuracy-related penalty and respondent's imposition of that penalty is rejected.

To reflect the foregoing,

<u>Decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the accuracy-related penalty under section 6662(a)</u>.